```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                       ATHENS DIVISION
```

BRIDGETTE GIBBS, DORIS GIBBS  *
and WILLIAM GIBBS,
                              *
    Plaintiffs,
                              *    CASE NO. 3:11-CV-121 (CDL)
vs.
                              *
GMAC MORTGAGE, LLC,
                              *
    Defendant.
                              *

O R D E R

Plaintiffs Bridgette Gibbs, Doris Gibbs and William Gibbs (collectively, "Plaintiffs") brought an action against Defendant GMAC Mortgage, LLC ("GMAC") seeking damages and a "rule nisi to foreclosure." Notice of Removal Attach. 1, Compl. 3, ECF No. 1-1 at 5 [hereinafter Compl.]. Presently pending before the Court is GMAC's Motion to Dismiss Plaintiffs' Complaint (ECF No. 3). For the reasons set forth below, GMAC's motion is granted.

MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___ 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## FACTUAL ALLEGATIONS

Plaintiffs' Complaint concerns the real property known as 323 Magnolia Lane in Monroe, Georgia. Compl. 1, ECF 1-1 at 3. Plaintiffs allege that:

1. GMAC "shall not be a bona fide purchaser at foreclosure with notice of any adverse claim pursuant to 12 U.S.C. 3752(1)." *Id.* ¶ 1.

2. GMAC "did unlawfully violate Fair Debt Collections Act with foreclosure proceedings." *Id.* ¶ 2.

3. GMAC "did violate Article 3 section 306 of the Uniform Commercial Code foreclosure proceedings." *Id.* ¶ 3.

4. GMAC "did unlawfully violate O.C.G.A. 44-14-161.2 [, O.C.G.A. 44-14-161 and O.C.G.A. 44-14-161.1] foreclosure proceedings conducted below true market value of the property owned by the Plaintiff." *Id.* ¶¶ 4-6.

5. GMAC "did unlawfully violate O.C.G.A. 44-14-162.2 foreclosure proceedings." *Id.* ¶ 7.

DISCUSSION

Under Federal Rule of Civil Procedure 8(a), a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs' Complaint does not satisfy this requirement. Plaintiffs' Complaint contains only conclusory allegations, which are not supported by any factual allegations. Again, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Moreover, the complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint does not suffice if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Given that Plaintiffs' Complaint contains *no* factual allegations and that Plaintiffs' Complaint does not contain a

short and plain statement of the claim showing that Plaintiffs are entitled to relief, Plaintiffs' Complaint fails to state a claim on which relief can be granted, and it must be dismissed.

## CONCLUSION

As discussed above, GMAC's Motion to Dismiss Plaintiffs' Complaint (ECF No. 3) is granted.

IT IS SO ORDERED, this 28th day of December, 2011.

S/Clay D. Land<br>
CLAY D. LAND<br>
UNITED STATES DISTRICT JUDGE